UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cv-12236-JEK |
| PAUL YOUNG; GREENPOINT MORTGAGE FUNDING, INC.; and U.S. BANK NATIONAL ASSOCIATION, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS PAUL YOUNG AND GREENPOINT MORTGAGE FUNDING, INC.

**KOBICK, J.**

Plaintiff United States of America filed this action seeking to reduce federal income tax liabilities of defendant Paul Young to judgment and to enforce its federal tax liens against his property in Lynnfield, Massachusetts against all parties that may have an interest in the property. Defendants GreenPoint Mortgage Funding, Inc.; Mortgage Electronic Registration Systems, Inc. ("MERS"); and U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee, Successor by Merger to LaSalle Bank, National Association, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2007-HY6 Trust (the "Trust") were named as parties with a potential interest in Young's property. After Young and GreenPoint were served but failed to answer or otherwise defend this case, the clerk entered a notice of default against each of them. Pending before the Court is the United States' motion for default judgment against Young and GreenPoint. For the reasons that follow, the motion will be granted. The United States is entitled to judgment against Young in the amount of $334,770.93

plus interest from and after March 31, 2025, and against GreenPoint declaring that it has no right, title, claim, lien, or interest in the Lynnfield property or the proceeds of any sale of that property.

## BACKGROUND

Because Young and GreenPoint have defaulted, the following facts, which are drawn from the complaint and the United States' two declarations,[1] are deemed true for purposes of establishing liability. *See Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 377 (1st Cir. 2024).

In January 2003, Young obtained title by deed to real property at 44 Lakewood Road in Lynnfield, Massachusetts. ECF 4, ¶¶ 6, 10. Young has unpaid federal tax liabilities for the 2009, 2011, 2012, 2013, and 2014 income tax years. *Id.* ¶ 7. The United States provided him with notice of those liabilities, including by filing Notices of Federal Tax Lien with the local Registry of Deeds in Massachusetts, and demanded payment. *Id.* ¶¶ 8-9, 12; ECF 30-2, ¶ 6. Yet as of March 31, 2025, Young owes the United States $334,770.93 in unpaid federal income taxes, penalties, and interest after accounting for all accruals, costs, payments, credits, and abatements. ECF 30-2, ¶ 5.

The United States initiated this action in August 2024 and filed an amended complaint in November 2024. ECF 1, 4. The amended complaint asserts a claim against Young to reduce his unpaid federal income tax liabilities to judgment (Count I) and another claim to enforce the United States' federal tax liens against his Lynnfield property against all parties that may have an interest in that property (Count II). ECF 4, ¶¶ 7-13. MERS was dismissed from this action in January 2025 because it does not have such an interest in the property. ECF 15. Since Young and GreenPoint did not file an answer or otherwise defend this action, the clerk entered, at the United States' request, a notice of default under Federal Rule of Civil Procedure 55(a) against each of them in

---

[1] In support of its motion for default judgment, the United States' counsel, Jeffrey Nuñez, submitted a declaration, ECF 30-1, and Wendy Belair, a Revenue Officer Advisor at the Internal Revenue Service, filed another, ECF 30-2.

January and February 2025, respectively. ECF 17, 21. The United States filed a motion for default judgment against them pursuant to Rule 55(b)(1) in April 2025. ECF 30. The Trust filed its answer to the amended complaint that same month. ECF 32. In July 2025, the United States and the Trust submitted a stipulation regarding the lien priority on Young's property. ECF 33.

## DISCUSSION

Federal Rule of Civil Procedure 55 "provides a two-step process for default judgment." *Granderson*, 98 F.4th at 377. First, "the clerk must enter" a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, default judgment may be entered if (1) the court "has jurisdiction over the subject matter and parties," (2) "the allegations in the complaint state a specific, cognizable claim for relief," and (3) "the defaulted party had fair notice of its opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). Where "the plaintiff's claim is for a sum certain" and is supported by "an affidavit showing the amount due," default judgment may, "on the plaintiff's request," be entered without a hearing. Fed. R. Civ. P. 55(b)(1). Because all three prerequisites are met here, default judgment is warranted.

I. **<u>Jurisdiction.</u>**

The Court has subject matter jurisdiction over this action pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1331, 1340, and 1345. ECF 4, ¶ 1; *see United States v. Cardaci*, 856 F.3d 267, 273 n.6 (3d Cir. 2017) ("The District Court had jurisdiction [in a federal tax lien action] under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1331, 1340 and 1345."); *accord United States v. Eskel*, No. 19-cv-745-JD, 2019 WL 4860950, at *2 (D.N.H. Oct. 2, 2019); *United States v. Rogers*, No. 18-cv-40081-DHH, 2018 WL 6381149, at *1 (D. Mass. Oct. 22, 2018).

The Court also has personal jurisdiction over Young and GreenPoint. In a federal question case, like this one, "a federal court's power to assert personal jurisdiction is geographically expanded," and "the Constitution requires only that the defendant have the requisite minimum contacts with the United States, rather than with the particular forum state (as would be required in a diversity case)." *United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1085 (1st Cir. 1992) (quotation marks omitted). "[S]ufficient contacts to justify the assertion of personal jurisdiction exist whenever the defendant is served within the sovereign territory of the United States," provided service is "grounded within a federal statute or Civil Rule." *Id.* (brackets and quotation marks omitted). Federal Rule of Civil Procedure 4(k) provides, in pertinent part, that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

In Massachusetts, where this Court is located, individuals can be served at their "last and usual place of abode." Mass. R. Civ. P. 4(d)(1); *see* Fed. R. Civ. P. 4(e)(1). The United States properly served the summons and amended complaint on Young—who resides in Essex County, Massachusetts, ECF 4, ¶ 2—at such an abode: his Lynnfield property. ECF 6; ECF 30-1, ¶ 2; *see United States v. LaBombard*, 107 F. Supp. 2d 57, 59 (D. Mass.), *aff'd*, 248 F.3d 1128 (1st Cir. 2000) (finding personal jurisdiction over defendant with unpaid taxes who was "domiciled in" and "served with a summons and complaint at his home in . . . Massachusetts"); *United States v. Dunkel*, 124 F.3d 205 (7th Cir. 1997) ("the district court validly exercised personal jurisdiction over" a similar defendant who "properly was served with process" in Illinois where he resided and the action commenced). The United States also effectively served GreenPoint through its

4

registered agent in New York. ECF 7; ECF 30-1, ¶ 3; *see* Fed. R. Civ. P. 4(h)(1)(B) (permitting service on a corporation through an "agent" that is "in a judicial district of the United States").

## II. Claims for Relief and Remedies.

Section 7402 permits this Court "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a); *see Brody v. United States*, 243 F.2d 378, 384 (1st Cir. 1957) ("It would be difficult to find language more clearly manifesting a congressional intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws."). Section 7403 separately requires the Court to "determine the merits of all claims to and liens upon the property" against which the United States seeks to enforce its tax liens. 26 U.S.C. §§ 7403(a), (c). These two sections authorize the Court "to foreclose a lien on a debt, including a judgment debt, owing to the taxpayer by ordering the debtor to pay the government." *United States v. Rye*, 550 F.2d 682, 685 (1st Cir. 1977).

The United States adequately alleges that Young has unpaid federal income taxes for the 2009, 2011, 2012, 2013, and 2014 tax years, and that it has valid federal tax liens on the Lynnfield property that he owns. *See* ECF 4, ¶¶ 6-12. Based on assessments from the Internal Revenue Service, Young owes $334,770.93 to the United States as of March 31, 2025. ECF 30-2, ¶¶ 5-6. Such assessments are "entitled to a legal presumption of correctness." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Nor has Young, who is in default, contested his liability or that amount. ECF 17; *see Granderson*, 98 F.4th at 377 ("A defaulted party is deemed to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated." (quotation marks omitted)). The United States is thus entitled to recover from Young: (1) the principal amount of $166,682.92, and (2) the

prejudgment interest and penalties from September 1, 2014 to March 31, 2025 totaling $168,088.01,[2] for a total judgment of $334,770.93, with post-judgment interest provided by law under 28 U.S.C. § 1961(c)(1). *See* ECF 30-2, ¶¶ 6-7; *United States v. Marullo*, No. 24-cv-061-NT, 2025 WL 1424390, at *2 (D. Me. May 16, 2025) (granting similar default judgment in federal tax lien case).

The United States also has valid federal tax liens against Young's property at 44 Lakewood Road in Lynnfield, Massachusetts. *See* ECF 4, at 5. Where, as here, a person "fails to pay federal taxes despite a demand for payment, tax liens 'in favor of the United States' automatically attach to all of that person's 'property and rights to property, whether real or personal.'" *Hannon v. City of Newton*, 744 F.3d 759, 765 (1st Cir. 2014) (quoting 26 U.S.C. § 6321); *see* ECF 4, ¶¶ 8-9, 12; ECF 30-2, ¶ 6. This "statutory language . . . is broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 719-20 (1985); *see Glass City Bank v. United States*, 326 U.S. 265, 267 (1945) ("Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes."). Such federal tax liens "generally aris[e] when an assessment is made" and "continu[e] until the taxpayer's liability 'is satisfied or becomes unenforceable by reason of lapse of time.'" *Nat'l Bank of Com.*, 472 U.S. at 719 (quoting 26 U.S.C. § 6322). Since the United States made assessments in 2014, 2015, and 2016 for the tax years at issue, "federal tax liens 'arose on [those] dates of assessment . . . and attached to all of [Young's] property,'" including the Lynnfield property that he acquired in 2003. *United States v. Baker*, 852 F.3d 97, 101 (1st Cir. 2017) (quoting 26 U.S.C. § 6321); *see* ECF 4, ¶¶ 6-13; ECF 30-2, ¶¶ 5-6.

---

[2] Prejudgment interests and penalties were calculated based on the rates set forth by 26 U.S.C. §§ 6601, 6621, 6622, 6651, and 6654.

In addition, the United States sufficiently alleges that it is entitled to enforce its federal tax liens on Young's Lynnfield property free and clear of any claim or interest that GreenPoint may have. The complaint alleges that GreenPoint "may have a lien or claim an interest in the property" and requests that, should GreenPoint fail "to timely appear in this civil action and plead" such a lien or claim, its non-appearance "shall result in a default being entered against" it. ECF 4, at 5 and ¶ 3. Because GreenPoint has failed to appear or defend itself in this action, the United States is entitled to the default judgment that it has requested: Young's Lynnfield property may be sold free and clear of any right, title, claim, lien, or interest that Greenpoint has in the property, and Greenpoint has no right title, claim, lien, or interest in the proceeds of said sale. *Id.* at 5-6; *see* ECF 21; 26 U.S.C. § 7403(c).

### III.   Fair Notice.

Finally, Young and GreenPoint "had fair notice of [their] opportunity to object." *In re The Home Restaurants*, 285 F.3d at 114. Young was properly served by the United States on November 20, 2024 and was mailed copies of the affidavit of service, notice of default judgment, and the Court's standing order on motions for default judgment on January 31, 2025. ECF 6, 19. GreenPoint was mailed those same materials on February 24, 2025 after being adequately served by the United States on November 12, 2024. ECF 7, 23. Young and GreenPoint have both had since November 2024 to respond to the complaint and since April 2025 to respond to the United States' motion for default judgment against them. ECF 30. Neither has appeared to defend themselves in this case.

## CONCLUSION AND ORDER

For the foregoing reasons, the United States' motion for default judgment against Young and GreenPoint, ECF 30, is GRANTED. A separate order will issue memorializing the relief to which the United States is entitled.

SO ORDERED.

Dated: October 31, 2025

/s/ Julia E. Kobick
JULIA E. KOBICK
UNITED STATES DISTRICT JUDGE