**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL YOUNG;<br>GREENPOINT MORTGAGE FUNDING, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA, NATIONAL ASSOCIATION AS TRUSTEE AS SUCCESSOR BY MERGER TO LASALLE BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6 TRUST,<br><br>Defendants. | ) | Case No. 24-12236-JEK<br><br>Judge Julia E. Kobick |

**JOINT STATUS REPORT**

Pursuant to the Court's August 21, 2026 *Electronic Order* (Doc. 26), the plaintiff, United States of America, and the defendant, U.S. Bank National Association as Trustee, Successor in Interest to Bank of America, National Association as Trustee as Successor by Merger to LaSalle Bank, National Association as Trustee for WAMU Mortgage Pass—Through Certificates Series 2007-HY6 Trust ("U.S. Bank, as Trustee"), submit the following joint status report.

This is a tax lien enforcement action with respect to the real property located at 44 Lakewood Road, Lynnfield, MA (the "subject property"). The parties have previously stipulated to lien priority since U.S. Bank, as Trustee's interest in the subject property is senior to the United States' tax liens. *See* Doc. 33. As has been its practice throughout the case, even after the Court entered default judgment in October 2025 (Doc. 35), the United States has provided all

filings and correspondence in the case to Paul Young by Rule 5 First Class Mail service to the subject property. Mr. Young has not responded. The IRS also sends routine correspondence to Mr. Young notifying him of his outstanding federal tax liabilities and demanding prompt payment or requesting that Mr. Young submit evidence of his inability to pay and asking that he submit proposed payment alternatives.

In the late spring of 2026, the United States determined that Mr. Young was not going to cooperate with voluntarily paying the judgment amount and determined that it would need to press forward with the judicial sale contemplated in the complaint to satisfy the outstanding tax liabilities. The United States searched for and then engaged a real estate broker who was qualified and interested in being appointed by the Court as a receiver to sell the subject property when the Court entered an order to that effect. The proposed receiver did a few drive-by visits of the subject property to verify its material condition and to find out whether it was occupied. The subject property is in good repair and appeared to be occupied. Based on their local knowledge, the proposed receiver was confident that the vehicle observed at the subject property belongs to Mr. Young and that the individual observed at the subject property was Mr. Young. Later on in the early summer of 2026, the proposed receiver determined that she could not continue with seeking Court appointment as a receiver since an employee in her office had a family connection to Mr. Young. The proposed receiver did not feel they could ethically proceed as a receiver, or that even if there was no ethical barrier, having a close familial connection between an employee of the real estate brokerage and Mr. Young would be awkward, at best.

The United States determined that Mr. Young would not voluntarily pay the judgment and a judicial sale would still be the most likely means of satisfying the amount due. The United States then spent the remainder of the summer searching for another broker to act as receiver. The United States subsequently located a receiver and balanced with the press of other work,

spent time getting them up to speed in July and August 2026. Both the United States and the proposed receiver are ready to move forward. Concurrently with the filing of this joint status report, the United States has moved for appointment of a receiver and entry of an order of sale with respect to the subject property.

The United States' plan is that, once the Court enters an order of sale and appoints Kenny Kirk of eXp Realty as receiver, the plan is to market and sell the subject property under the timelines outlined in the motion. If there is an offer that the receiver recommends be accepted, the United States will present the offer to the Court and request that the sale be approved so that a normal real estate closing transaction can proceed from there. Proceeds may be distributed at closing as described in the motion to appoint a receiver, as the United States and U.S. Bank, as Trustee, agree on the proper distribution of the sales proceeds. If further Court intervention is required at that point, the parties will advise the Court.

U.S. Bank, as Trustee, has no objection to the foregoing course of action so long as its senior lien rights are maintained in accordance with the parties' priority stipulation on record.

**[Signature page follows]**

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JOSHUA WU
Deputy Assistant Attorney General,
Tax Litigation Branch

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney
Tax Litigation Branch
Civil Division, U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
P: (202) 616-5218 (Nuñez)
F: (202) 514-5238
Jeffrey.N.Nunez@usdoj.gov

**U.S. BANK NATIONAL ASSOCIATION,
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, AS SUCCESSOR BY MERGER TO LASALLE
BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR WAMU MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HY6 TRUST,**

By its attorney,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO #600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA 02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899
pcarr@eckertseamans.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record who have filed an appearance via the Court's CM/ECF system. I further certify that on this same date, or as soon thereafter as practicable, I will serve via First-Class Mail, postage prepaid, a copy of the foregoing document to the following recipients:

Paul Young
44 Lakewood Road
Lynnfield, MA 01940
*Pro se* defendant

Greenpoint Mortgage Funding, Inc.
c/o Corporation Service Company
80 State Street
Albany, NY 12207-2543

*/s/ Jeffrey N. Nuñez*
JEFFREY N. NUÑEZ
Trial Attorney, Civil Division
U.S. Department of Justice